UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN MALDONADO,

              Petitioner,

    v.

BRUCE SCOTT, et al.,

              Respondents.[1]

Case No. 2:26-cv-00014-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.   INTRODUCTION AND BACKGROUND

Petitioner Juan Maldonado is a citizen of Guatemala. Dkt. 10 ¶ 3. In October 2012, when he was nine years old, he entered the United States without inspection by crossing the Rio Grande River near Pharr, Texas. *Id.* ¶¶ 3–4. Customs and Border Patrol officers apprehended him upon his arrival into the country, and the next day, he was issued a Notice to Appear ("NTA") charging him as "present in the United States without being admitted or paroled," or having "arrive[d] in the United States at any time or place other than as designated by the Attorney General." *Id.* ¶¶ 4–5; 8 U.S.C. § 1182(a)(6)(A)(i). He was designated an

---

[1] Kristi Noem, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

"unaccompanied juvenile" and eventually released to the Office of Refugee Resettlement ("ORR"), which subsequently released him from custody. Dkt. 10 ¶¶6–8. In March 2015, Maldonado conceded the allegations in his NTA and applied for asylum and withholding of removal. *Id.* ¶ 10. In October 2016, an Immigration Judge administratively closed Maldonado's removal proceedings following a joint motion by Maldonado and the government. *Id.* ¶ 11.

For almost nine years, the government took no further action to remove Maldonado from the United States. Then, in June 2025, the Department of Homeland Security ("DHS") moved to recalendar Maldonado's removal proceedings. *Id.* ¶ 12. In November, while Maldonado was incarcerated in a Florida jail following an arrest for misdemeanor street racing, DHS officials took him into immigration custody and transferred him to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *Id.* ¶¶ 13–16; *see* Fla. Stat. § 316.191(2), (3) (2024).

On January 4, 2026, Maldonado filed a petition for writ of habeas corpus, arguing that he was mandatorily detained at NWIPC in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause. Dkt. 1 at 4–5. He also filed an emergency motion for a temporary restraining order enjoining his transfer from NWIPC to another facility, which the Court denied because he had failed to show an imminent likelihood of such transfer. Dkts. 2, 6. On January 5, the Court issued its standard scheduling order, which required Respondents to provide Maldonado and his counsel with notice at least 48 hours before any effort to transfer him to another facility or remove him from the United States during these habeas proceedings. Dkt. 3. On January 20, Federal Respondent filed a return to the habeas petition, along with a declaration by Deportation Officer Christopher Hubbard detailing Maldonado's immigration history and current proceedings. Dkts. 9, 10. On January 26, Maldonado filed a traverse. Dkt. 11.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

The crux of this case is whether Maldonado is detained under section 236 of the INA (8 U.S.C. § 1226(a)), which permits release on bond during a detainee's removal proceedings, or section 235 of the INA (8 U.S.C. § 1225(b)(2)), which mandates that a detainee who is an "applicant for admission" and "seeking admission" to the United States must remain in custody. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (describing § 1226(a) as the "default rule" for noncitizens who were "already present in the United States" before being detained in immigration facilities). Since his most recent apprehension, Respondents have treated Maldonado as subject to mandatory detention under § 1225(b)(2), consistent with DHS's nationwide practice of treating immigration detainees charged under 8 U.S.C. § 1182(a)(6)(A)(i) as "seeking admission" to the United States. *See* Dkt. 9 at 5–7; *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Under Respondents' interpretation of the INA, Maldonado is ineligible for release on bond. *See In re Yajure Hurtado*, 29 I. & N. Dec. at 229.

### A.    Maldonado is not a member of the *Rodriguez Vazquez* Bond Denial Class.

In *Rodriguez Vazquez v. Bostock*, the Court granted summary judgment to members of a certified Bond Denial Class, ruling that they were subject to discretionary detention under

§ 1226(a) rather than mandatory detention under § 1225(b). 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court defined the Bond Denial Class as follows:

> all noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.*

Maldonado argues that he is entitled to habeas relief because he is a member of the Bond Denial Class. Dkt. 1 at 3–5. Federal Respondent asserts that Maldonado is not a class member because he was apprehended upon arrival to the United States. Dkt. 9 at 5.

The Court agrees with Federal Respondent: Maldonado is not a member of the Bond Denial Class. Federal Respondent offers uncontroverted evidence that a Customs and Border Patrol agent apprehended Maldonado shortly after he crossed the southern border of the United States. Dkt. 10 ¶ 4. As the Court has explained in previous habeas orders, this precludes membership in the Bond Denial Class. *See Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *4–5 (W.D. Wash. Nov. 26, 2025); *Bello Chacon v. Hermosillo*, No. 2:25-CV-02299-TMC, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025); *Cotoc Yac de Yac v. Hermosillo*, No. 2:25-CV-02593-DGE-TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (noting that a petitioner who was apprehended on arrival is not a Bond Denial Class member).

**B.       Maldonado is detained under 8 U.S.C. § 1226(a).**

Federal Respondent argues that because Maldonado is not a member of the Bond Denial Class, he is lawfully detained under § 1225(b). Dkt. 9 at 5–7. But the fact that Maldonado is not a class member does not mean that he is necessarily subject to mandatory detention under § 1225(b)(2). Determining the basis for his detention requires analysis of the specific facts

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

surrounding his previous interactions with immigration officials. *See Del Valle Castillo*, 2025 WL 3524932, at *5 (explaining that petitioners who were apprehended on arrival could be subject to detention under § 1226(a) if the government had treated them as subject to discretionary detention since their arrival).

Here, the government's actions prior to 2025 indicate that it treated Maldonado as subject to discretionary detention under § 1226(a) following his initial apprehension. Maldonado's immigration history mirrors that of Edvin Matias Calmo, a habeas petitioner in *Del Valle Castillo v. Wamsley*:

> On April 13, 2018, Petitioner Edvin Ramiro Matias Calmo entered the United States without inspection at the age of 16 and was apprehended upon arrival. He was processed as an unaccompanied juvenile, and DHS transferred custody to ORR. On August 8, 2018, he was released to live with his sister in Shelton, Washington. On October 31, 2018, DHS charged Matias Calmo as inadmissible under § 1182(a)(6)(A)(i). Matias Calmo filed an asylum claim on January 3, 2023. On January 7, 2025, an IJ terminated his removal proceedings without prejudice so that his asylum claim could proceed. On October 4, Matias Calmo was apprehended a second time and charged under § 1182(a)(6)(A)(i).

*Id.* at *2–3. Analyzing these facts, this Court concluded that "[b]oth his initial release from custody and the termination of his initial removal proceedings demonstrate that he is subject to detention under § 1226(a)." *Id.* at *7 (first citing *Martinez v. Hyde*, --- F. Supp. 3d. ----, No. CV 25-11909-BEM, 2025 WL 3152847, at *7 (D. Mass. Nov. 12, 2025); and then citing 8 C.F.R. § 1239.2(e)).

For the reasons explained in *Del Valle Castillo*, Maldonado—who was previously released from immigration custody and whose initial removal proceedings were terminated—is not "seeking admission" under § 1225(b)(2). Therefore, he is subject to the "default rule" of § 1226(a) and is entitled to consideration for release on bond. *See Jennings*, 583 U.S. at 303.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

**C.      Any claim for relief under the Due Process Clause is inadequately briefed.**

In the habeas petition, Maldonado asserts that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Dkt. 1 at 4. In the traverse, he states without further elaboration that he has raised a constitutional challenge to his confinement. *See* Dkt. 11 at 2–4.

The Court reminds Maldonado's counsel that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief" under 28 U.S.C. § 2241. *Oosthuizen v. Ashcroft*, 96 F. App'x 494, 495 (9th Cir. 2004) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). Vague statements alluding to the Due Process Clause do not meet Maldonado's burden of showing by the preponderance of the evidence that his continued confinement violates the Constitution. *See Davis*, 384 F.3d at 638.

**D.      Maldonado's requests for injunctive relief are moot or inadequately briefed.**

In the habeas petition, Maldonado requests an order "enjoining Respondents from transferring Petitioner outside the Western District of Washington or removing Petitioner from the United States without a 48-hour notice while his immigration proceedings are pending and until the relief ordered herein is effectuated." Dkt. 1 at 5. He also asks the Court to "prohibit[] Respondents from re-detaining Petitioner based on the same statutory interpretation declared unlawful in *Rodriguez Vazquez v. Bostock*, including the interpretation that noncitizens apprehended in the interior are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"and to "order[] Respondents, upon Petitioner's release, to promptly return all personal property, including personal identification documents (other than a passport) and employment authorization documents." *Id.*

Federal Respondent contends that Maldonado's requests for injunctive relief must be denied because Maldonado does not "argue that any alleged violation is likely to recur." Dkt. 9 at

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

7. She further argues that Maldonado's request for pre-transfer notice during the pendency of his removal proceedings is improperly developed and that such an order would impermissibly interfere with the Attorney General's discretion to arrange for an appropriate location of detention for a noncitizen detained pending removal. *Id.* at 8; *see* 8 U.S.C. § 1231(g).

The Court construes Maldonado's first request as seeking an order requiring pre-transfer notice until he receives habeas relief. *See* Dkt. 11 at 3–4. That request was already encompassed by the order entered at Dkt. 3, and it will be moot once this Order granting habeas relief is entered. And to the extent that Maldonado seeks other relief, including the return of personal property and a prohibition on re-detention, those requests have not been sufficiently briefed.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Juan Maldonado's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 30th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7